IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHONARI WARREN,** : | CIVIL NO. 1:11-CV-2348 |
| Petitioner : | (Judge Rambo) |
| v. : | (Magistrate Judge Smyser) |
| **DEBRA SAUERS,** : | |
| Respondent : | |

# **M E M O R A N D U M**

## I.     **Background**

Before the court is a report of the magistrate judge to whom this matter was referred in which he recommends that the petition for writ of habeas corpus filed by Shonari Warren pursuant to 28 U.S.C. § 2254 be denied. The recommendation is based on the finding of the magistrate judge that the issues raised by Warren have not been exhausted through the state process. Petitioner has filed objections to the report and recommendation and claims that the issues presented in his § 2254 petition are substantially the same claims that were raised and exhausted in his state PCRA petition.

## II.    **Discussion**

### A.  **Issues Raised in 28 U.S.C. § 2254 Petition**

Petitioner presents the following issues in the instant petition before this court:

> 1. Entirety of state procedure was ineffective to protect rights of petitioner, when conviction was obtained by

> unconstitutional failure of prosecution to disclose favorable evidence to defendant.
>
> 2. Petitioner was prosecuted without probable cause for arrest or prosecution having been established by due process or under equal protection of the law, <u>in regard to identification of defendant made under such suggestive circumstances as to render mis-identification highly probable</u>, and fair trial impossible.  (Emphasis added.)
>
> 3. Petitioner was denied assistance of council virtually, at every critical stage of criminal proceedings against him, from beginning of earliest stages to post-trial and appeals process, when appointed counsels worked directly contrary to and deliberately mis-advised him as to his interest as of right.
>
> 4. Petitioner was denied right to fundamentally fair trial when counsel failed to confront and impeach chief commonwealth witness against him with their inconsistent and/or false prior statements.
>
> 5. The totality of circumstances under which prosecution of petition was conducted was ineffective to protect the guaranteed constitutional rights of petitioner, and denied him redress of his grievances by collusive obstruction of his attempts to gain access of the above issues to be heard, through the combined efforts of state judges, prosecutors and appointed counsels to thwart such fair review, as otherwise required by law and the facts, applicable to his cause.

(Doc. 2 at p. 2.)

### B. State Proceedings Claims

Warren filed a direct appeal from his conviction and sentence to the Superior Court of Pennsylvania.  His claim before that court was that the Commonwealth failed to prove that he was the one who actually committed the crimes in question.  He basically argued there was an insufficiency of evidence as to his identity. (Doc. 10, Ex. C.)  The Superior Court affirmed the conviction.  No petition for allowance of appeal was filed with the Superior Court of Pennsylvania.

Warren filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. § 9541 *et seq*. Fifteen allegations of incompetency of counsel were raised in that PCRA petition – one of which is raised in the § 2254 petition before this court. That issue is the identification of Warren by George Miller. The PCRA court dismissed the petition (Doc. 10, Ex. A at p. 20.) An appeal was taken from that dismissal to the Pennsylvania Superior Court which affirmed the denial of the PCRA petition. (Doc. 10, Ex. I at p. 5.) The only issue presented to the Superior Court was the identification of Warren by George Miller. The Superior Court held adversely to Warren on that issue. Warren filed a petition to the Pennsylvania Supreme Court for the allowance of an appeal. That petition is pending; thus, exhaustion of that issue is not completed.

### III.   Conclusion

From the records filed in this matter, this court finds that the magistrate judge's finding that the issues pending before this court have not been exhausted is supported. An appropriate order will be issued.

                                          s/Sylvia H. Rambo  
                                          SYLVIA H. RAMBO  
                                          United States District Judge

Dated: June 21, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHONARI WARREN,** | **CIVIL NO. 1:11-CV-2348** |
| **Petitioner** | |
| v. | **(Judge Rambo)** |
| **DEBRA SAUERS,** | **(Magistrate Judge Smyser)** |
| **Respondent** | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser (doc. 11).

2) The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1) is **DISMISSED** for failure to exhaust state remedies.

3) This court declines to issue a certificate of probable cause.

4) The Clerk of Court shall close the file.

                                                       s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated: June 21, 2012.